1
2
3
4
5
6
7                    IN THE UNITED STATES DISTRICT COURT

8                  FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   MERRICK JOSE MOORE,

11            Plaintiff,                    No. CIV S-04-0763 GEB KJM P

12      vs.

13   S. SALENGER, et al.,                   FINDINGS AND RECOMMENDATIONS

14            Defendant.

15   _____/

16          Plaintiff is a California prisoner proceeding pro se with a complaint alleging

17   violations of his Eighth Amendment rights.  Defendants Bishop, Jackson, Moore, Norton,

18   Quezada, Everett, Look, Salenger and Cornish have filed a motion to dismiss plaintiff's

19   complaint on the basis that plaintiff failed to exhaust administrative remedies prior to filing his

20   complaint.  Upon review of the documents in support and opposition, and good cause appearing

21   therefor, THE COURT FINDS AS FOLLOWS:

22          A motion to dismiss for failure to exhaust administrative remedies prior to filing

23   suit arises under Rule 12(b) of the Federal Rules of Civil Procedure. Wyatt v. Terhune, 315 F.3d

24   1108, 1119 (9th Cir. 2003).  In deciding a motion to dismiss for a failure to exhaust non-judicial

25   remedies, the court may look beyond the pleadings and decide disputed issues of fact.  Id. at

26   /////

                                          1

1    1120.  If the district court concludes that the prisoner has not exhausted non-judicial remedies,

2    the proper remedy is dismissal of the claim without prejudice.  Id.

3             The Prison Litigation Reform Act provides that "[n]o action shall be brought with

4    respect to prison conditions under section 1983 of this title, . . . until such administrative

5    remedies as are available are exhausted." 42 U.S.C. § 1997e(a).   California prison regulations

6    provide administrative procedures in the form of one informal and three formal levels of review

7    to address plaintiff's claims.  See Cal. Code Regs. tit. 15, §§ 3084.1-3084.7.   Administrative

8    procedures generally are exhausted once a prisoner has received a "Director's Level Decision,"

9    or third level review, with respect to his issues or claims.  Cal. Code Regs. tit. 15, § 3084.5.  All

10   steps must be completed before a civil rights action is filed, unless a plaintiff demonstrates a step

11   is unavailable to him; exhaustion during the pendency of the litigation will not save an action

12   from dismissal.  McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002).  Defendants bear the

13   burden of proving plaintiff's failure to exhaust.  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th

14   Cir.), cert. denied sub nom, Alameida v. Wyatt, 540 U.S 810 (2003).

15            Defendants have provided evidence indicating that plaintiff filed a prisoner

16   grievance with respect to some of his claims prior to filing suit.  Mot., Ex. A, Attach. 2.  The

17   "Second Level Response" to the grievance was not issued until April 27, 2004, eleven days after

18   plaintiff's complaint was filed.  Id., Ex. A, Attach. 4.  The evidence presented to the court

19   suggests plaintiff never sought Director's Level Review with respect to the grievance.  Id., Ex. A

20   (Hanlon declaration).

21            In response to the above, plaintiff asserts that the exhaustion requirement found in

22   42 U.S.C. § 1997e(a) is satisfied.  He points out that his grievance was "partially granted" at the

23   first level of review and seems to suggest this excused him from proceeding through the rest of

24   the grievance process.  Opp'n at 4.  This argument is undercut by the fact that plaintiff proceeded

25   to the second level of review.  In any case, plaintiff must exhaust all administrative remedies

26   available to him.  Plaintiff fails to provide anything suggesting the second and/or director's levels

2

1  were no longer available to plaintiff after his grievance was partially granted at the first level.

2  Defendants' motion, therefore, should be granted.

3          In accordance with the above, IT IS HEREBY RECOMMENDED:

4          1.  That defendants' motion to dismiss be granted; and

5          2.  Defendants Bishop, Jackson, Moore, Norton, Quezada, Everett, Look, Salenger

6  and Cornish be dismissed from this action.

7          These findings and recommendations will be submitted to the United States

8  District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within

9  fifteen days after being served with these findings and recommendations, any party may file

10  written objections with the court and serve a copy on all parties.  Such a document should be

11  captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the

12  objections shall be served and filed within five days after service of the objections.  The parties

13  are advised the failure to file objections within the specified time may waive the right to appeal

14  the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

15  DATED:  March 3, 2006.

16

17

18                                  UNITED STATES MAGISTRATE JUDGE

19

20

21  1

   moor0763.57

22

23

24

25

26