IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MERRICK J. MOORE,

      Plaintiff,               No. 2:04-cv-0763 GEB CKD P

      vs.

S. SALENGER, et al.,            ORDER

      Defendants.

_____/

        Plaintiff is a prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint was ordered served on eleven named defendants. (Dkt. No. 21.) Subsequently, all defendants but Sloss were dismissed from the action. (Dkt. Nos. 38, 53.) On April 16, 2007, defendant Sloss filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that plaintiff was "presently litigating the identical claim against defendant Sloss in a separate lawsuit," Moore v. Sloss, 2:04-cv-0871 MCE EFB (E.D. Cal.). (Dkt. No. 57 at 3.)

        On March 13, 2008, the district court issued an order denying Sloss' motion to dismiss. (Dkt. No. 67.) The district court adopted the following findings issued by the previously-assigned magistrate judge on January 22, 2008:

////

1

> In his complaint, plaintiff asserts that defendant retaliated against plaintiff because plaintiff filed a prisoner grievance against defendant. Plaintiff asserts the retaliation resulted in plaintiff being denied access to courts, subjected to excessive force imposed by other correctional officers, subjected to conditions of confinement that violate the Eighth Amendment, and to his receiving inadequate medical care. In his complaint filed in CIV-S-04-0871 MCE EFB, plaintiff presents claims similar to those presented in this action although the complaints for each action and allegation therein are not identical. . . .
>
> [T]he court will recommend that this action be stayed until final judgment is entered in CIV-S-04-871 MCE EFB. [Citation.] A stay is more appropriate than dismissal because it is not entirely clear that all the claims presented in this action are presented in CIV-S-04-871 MCE EFB. If defendant is granted summary judgment in CIV-S-04-0871 MCE EFB, it appears likely that at least some of plaintiff's claims against defendant in this action will be barred under the doctrine of res judicata or collateral estoppel, but he still may be allowed to proceed with other claims.

(Dkt. No. 64 at 1-2.) Adopting this recommendation in its order of March 13, 2008, the district court stayed this action pending the outcome of Moore v. Sloss and ordered the parties to notify the court when final judgment was entered in that action. (Dkt. No. 67; see Dkt. Nos. 69, 71.)

On September 7, 2010, the matter of Moore v. Sloss proceeded to trial. (2:04-cv-0871 MCE EFB, Dkt. No. 157.) After a three-day trial, the court granted judgment as a matter of law to defendant Sloss pursuant to Rule 50(a) of the Federal Rules of Civil Procedure. (Id., Dkt. No. 159.) On September 17, 2010, plaintiff filed a notice of appeal. (Id., Dkt. No. 162.) On January 10, 2012, the Ninth Circuit Court of Appeals affirmed the district court's ruling. (Id., Dkt. No. 170.) After an initial writ of mandate was recalled to allow plaintiff to file a petition for rehearing en banc, the Ninth Circuit issued a writ of mandate pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure on August 17, 2012, such that the January 10, 2012 judgment on appeal took effect on that date. (Id., Dkt. No. 173.)

Accordingly, the undersigned will lift the stay in this action. What remains to be determined is to what extent, if any, plaintiff's claims against Sloss may go forward in light of the outcome in Moore v. Sloss. To aid its determination, the court will give defendant the

opportunity to file a renewed motion to dismiss addressing the court's earlier finding that the claims in the instant action and <u>Sloss</u> are "not identical," and arguing for dismissal of some or all of the instant claims under principles of res judicata and collateral estoppel. In opposition to the motion, plaintiff may argue why some or all claims against Sloss in the instant action are not barred by the outcome in <u>Moore v. Sloss</u>.

Accordingly, IT IS HEREBY ORDERED THAT:

1. The Clerk of Court is directed to lift the stay in this action and administratively re-open the case; and

2. Within thirty days of service of this order, defendant Sloss may file a renewed motion to dismiss arguing why the outcome in <u>Moore v. Sloss</u>, 2:04-cv-0871 MCE EFB bars some or all of the instant claims against him. Plaintiff's opposition, if any, is due thirty days later.

Dated: September 20, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
moor0763.ord