IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MERRICK J. MOORE,

    Plaintiff,                      No. 2:04-cv-0763 GEB CKD P

   vs.

S. SALENGER, et al.,               FINDINGS & RECOMMENDATIONS

    Defendants.

_____/

I. Introduction

        Plaintiff is a prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Before the court is defendant Sloss' October 23, 2012 motion to dismiss this action under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that plaintiff's claims are barred by the doctrine of res judicata. (Dkt. No. 73.) Plaintiff has filed an opposition, and defendant has filed a reply. (Dkt. Nos. 76, 77.) Plaintiff has also filed a sur-reply, which the court will consider in light of plaintiff's pro se status. (Dkt. No. 78.)

        For the following reasons, the undersigned will recommend that defendant's motion be granted.

////

////

1

II.  Background

   Plaintiff commenced this action on April 16, 2004.  (Dkt. No. 1.)  The complaint was ordered served on eleven named defendants.  (Dkt. No. 21.)  Subsequently, all defendants but Sloss were dismissed from the action.  (Dkt. Nos. 38, 53.)  On April 16, 2007, defendant Sloss filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that plaintiff was "presently litigating the identical claim against defendant Sloss in a separate lawsuit," Moore v. Sloss, 2:04-cv-0871 MCE EFB (E.D. Cal.).  (Dkt. No. 57 at 3.)

   On March 13, 2008, the district court issued an order denying Sloss' motion to dismiss.  (Dkt. No. 67.)  The district court adopted the following findings issued by the previously-assigned magistrate judge on January 22, 2008:

> In his complaint, plaintiff asserts that defendant retaliated against plaintiff because plaintiff filed a prisoner grievance against defendant.  Plaintiff asserts the retaliation resulted in plaintiff being denied access to courts, subjected to excessive force imposed by other correctional officers, subjected to conditions of confinement that violate the Eighth Amendment, and to his receiving inadequate medical care.  In his complaint filed in CIV-S-04-0871 MCE EFB, plaintiff presents claims similar to those presented in this action although the complaints for each action and allegation therein are not identical. . . .
>
> [T]he court will recommend that this action be stayed until final judgment is entered in CIV-S-04-871 MCE EFB. [Citation.] A stay is more appropriate than dismissal because it is not entirely clear that all the claims presented in this action are presented in CIV-S-04-871 MCE EFB.  If defendant is granted summary judgment in CIV-S-04-0871 MCE EFB, it appears likely that at least some of plaintiff's claims against defendant in this action will be barred under the doctrine of res judicata or collateral estoppel, but he still may be allowed to proceed with other claims.

(Dkt. No. 64 at 1-2.)  Adopting this recommendation in its order of March 13, 2008, the district court stayed this action pending the outcome of Moore v. Sloss and ordered the parties to notify the court when final judgment was entered in that action.  (Dkt. No. 67; see Dkt. Nos. 69, 71.)

   On September 7, 2010, the matter of Moore v. Sloss proceeded to trial.  (2:04-cv-0871 MCE EFB, Dkt. No. 157.)  After a three-day trial, the court granted judgment as a matter of

law to defendant Sloss pursuant to Rule 50 of the Federal Rules of Civil Procedure. (Id., Dkt. No. 159.) On September 17, 2010, plaintiff filed a notice of appeal. (Id., Dkt. No. 162.) On January 10, 2012, the Ninth Circuit Court of Appeals affirmed the district court's ruling. (Id., Dkt. No. 170.) The Ninth Circuit issued a writ of mandate pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure on August 17, 2012, such that the January 10, 2012 judgment on appeal took effect on that date. (Id., Dkt. No. 173.)

On September 20, 2012, the undersigned lifted the stay in this action, stating:

> What remains to be determined is to what extent, if any, plaintiff's claims against Sloss may go forward in light of the outcome in Moore v. Sloss. To aid its determination, the court will give defendant the opportunity to file a renewed motion to dismiss addressing the court's earlier finding that the claims in the instant action and Sloss are "not identical," and arguing for dismissal of some or all of the instant claims under principles of res judicata and collateral estoppel. In opposition to the motion, plaintiff may argue why some or all claims against Sloss in the instant action are not barred by the outcome in Moore v. Sloss.

(Dkt. No. 72 at 2-3.)

Defendant Sloss filed the instant renewed motion to dismiss on October 23, 2012. (Dkt. No. 73.)

III. Discussion

"Res judicata, also known as claim preclusion, applies only where there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." Turtle Island Restoration Network v. U.S. Dept. of State, 673 F.3d 914, 917 (9th Cir. 2012) (internal citation and quotation marks omitted). The doctrine prevents the re-litigation of any claims that were raised, or could have been raised, in a prior action. Western Radio Services Co., Inc., v. Glickman, 123 F.3d 1189, 1192 (9th Cir. 1997). It is irrelevant whether the new claims "were actually pursued in the action that led to the judgment; rather, the relevant inquiry is whether they could have been brought." Tahoe-Sierra Preservation Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.3d 1064, 1078 (9th Cir. 2003).

A.  Identity of Claims

"The central criterion in determining whether there is an identity of claims between the first and second adjudications is whether the two suits arise out of the same transactional nucleus of facts." Frank v. United Airlines, Inc., 216 F.3d 845, 851 (9th Cir. 2000) (citations omitted).

    Moore v. Sloss

In the claims that proceeded to trial in No. 2:04-cv-0871 MCE EFB ("Moore v. Sloss"), at all times relevant, plaintiff was a prisoner at High Desert State Prison and Sloss was a correctional officer at HDSP. Moore v. Sloss, Dkt. No. 97 at 2. In the complaint filed April 30, 2004, plaintiff alleged that Sloss "illegally disposed of my legal documents and denied me access to the courts, then she had her coworkers retaliate against me [c]ausing destruction of more documents." (Id., Dkt. No. 1 at 2.) Plaintiff further alleged that, upon learning that plaintiff had filed a 602 inmate grievance about her in 2003, Sloss

> began issuing plaintiff dirty sheets with urine stains, pubic hairs, semen stains, and [tried] to, and was successful on having her co-workers use excessive force towards plaintiff in an attempt to discontinue my appeal process.

(Id., Dkt. No. 1 at 5.)

In deposition testimony, plaintiff asserted that Sloss interfered with his access to the court in September 2003, when he "delivered to Sloss for mailing to the court a . . . petition for writ of habeas corpus, but the court never received it. . . . Sloss told plaintiff that his mail would not reach its destination." (Id., Dkt. 59 at 5) (record citations omitted).

> On September 23, 2003, plaintiff filed a grievance against defendant Sloss. He received no response. Therefore, on October 3, 2003, he made a written inquiry about the status of the grievance. . . . [O]n October 16, 2003, plaintiff submitted another grievance, which included all the allegations made in the earlier grievance which could not be found. He also included new allegations that defendant Sloss had provided him with soiled sheets, and that Sloss lost plaintiff mail, directed that plaintiff be subjected to a humiliating strip search, and spoke to plaintiff in an uncourteous

4

> manner.  He requested that Sloss be fired and that there be an
> investigation of his allegations.
>
> . . .
>
> Plaintiff testified that within two weeks of filing the October 16,
> 2003 grievance, Sloss delivered sheets soiled with urine and semen,
> and on which there were bits of cotton and pubic hair.

(Id., Dkt. No. 59 at 2-3, factual findings on summary judgment) (record citations omitted).

> Plaintiff further asserted that
>
> > on some unspecified date, [non-defendant] Officers C. Moore and
> > T. Jackson attacked plaintiff without provocation.  While they
> > attacked him, the guards called him names and accusing him of
> > 'writing people up.'

(Id., Dkt. No. 59 at 6) (record citations omitted).

Defendants' motion for summary judgment was denied as to the following claims against Sloss:

> i. that Sloss retaliated against plaintiff by destroying or mishandling
> his mail;
>
> ii.  that Sloss retaliated against plaintiff by repeatedly supplying him
> with soiled sheets;
>
> iii. that Sloss retaliated against plaintiff by having C. Moore and T.
> Jackson make an unprovoked attack on plaintiff; and
>
> iv. that Sloss violated plaintiff's Eighth Amendment rights by
> supplying plaintiff with soiled sheets, refusing to exchange them for
> clean ones and preventing others from changing them for clean
> ones.

(Id., Dkt. No. 59 at 27-28.)  These claims proceeded to trial in September 2010.

Moore v. Salenger

In the instant action, plaintiff filed his complaint on April 16, 2004.  (Dkt. No. 1 ("Cmplt.").)  (Fourteen days later, he filed the complaint in Moore v. Sloss.)  As to defendant Sloss, plaintiff alleges that, in retaliation for plaintiff's filing a grievance against her in October 2003, she engineered or set in motion a series of harmful acts against plaintiff by other prison

5

staff. As in Moore v. Sloss, these acts included the excessive use of force by C. Moore and T. Jackson. Plaintiff alleges "retaliation, excessive use of force by her co-workers," prison conditions that violated the Eighth Amendment, and destruction of his legal mail. (Cmplt. at 3(a).) As to Sloss specifically, plaintiff alleges:

> C/O J. Sloss has had other co-workers retaliating against petitioner, throwing away personal property, tampering with petitioner's legal mail (etc.). . . . On the date of 2-9-04 plaintiff was physically abused by C/Os C. Moore, T. Jackson, Sgt. B. Evert, C/O R. Quezada, and C/O Hooven.

(Cmplt. at 4.) He alleges that after he was placed in Administrative Segregation in February 2004, Sloss continued to harass him, and he was "given laundry with urine stains[,] pubic hairs etc." (Id. at 3(b).) As to these alleged abuses, plaintiff alleged that "the institution has done all this due to writing up C/O J. Sloss for throwing away my legal documents." (Id.)

The court concludes that plaintiff's claims against Sloss in both actions arise from the same transactional nucleus of facts. Both allege that Sloss harmed or caused other prison guards to harm plaintiff in retaliation for plaintiff's filing of an October 2003 grievance against her for losing his mail, among other things. Both allege that Sloss provided or caused others to provide plaintiff with dirty sheets; caused others to use excessive force against him; and violated or caused others to violate his Eighth Amendment right to humane conditions of confinement. While the instant action involves some different co-conspirators, the allegations against Sloss herself are essentially the same. Insofar as they differ slightly, there is no reason plaintiff could not have made these allegations in Moore v. Sloss. Indeed, the complaint in Moore v. Sloss was filed two weeks after the complaint in the instant case. Thus for purposes of res judicata, there is identity of claims.

B. Judgment on the Merits

In his opposition and sur-reply, plaintiff does not dispute that his claims against Sloss arise from the same nucleus of fact as in Moore v. Sloss. Rather, he argues that the trial

\\\\\

judge's granting of Sloss' Rule 50 motion[1] was not a judgment on the merits.

In Moore v. Sloss, defendant's counsel made a Rule 50 motion after both parties rested and before the case went to the jury. The district court gave plaintiff an opportunity to oppose the motion as to his retaliation and Eighth Amendment claims, respectively. The district court asked plaintiff several questions to determine whether he could establish a prima facie Eighth Amendment claims against Sloss. At the conclusion of questioning, the district court determined that plaintiff had "failed to present legally sufficient evidence for the jury to be able to rule on this case in his favor" and granted Sloss' Rule 50 motion. (Moore v. Sloss, Dkt. No. 169, 327: 20-339:16.)

Rule 50 "contemplates that ordinarily a dismissal (like a judgment upon directed verdict) shall operate as a judgment on the merits." Safeway Store v. Fannan, 308 F.2d 94, 98 (9th Cir. 1962.) In Moore v. Sloss, the district court granted Sloss' Rule 50 motion after considering all of the evidence and arguments presented by both parties and finding that no jury could find for plaintiff on any of his claims. Sloss properly characterizes this as a judgment on the merits.

IV. Conclusion

Because elements (1) and (2) of the res judicata doctrine have been met and privity of the parties is not at issue, the undersigned concludes that plaintiff's claims against defendant Sloss are barred because they were or could have been litigated in Moore v. Sloss, in which there was a final judgment on the merits. Defendant is entitled to dismissal of this action under Rule 12(b)(6).

////

////

---

[1] Rule 50 provides: "If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may: (A) resolve the issue against the party; and (B) grant a motion for judgment as a matter of law against the party[.]"

Accordingly, IT IS HEREBY RECOMMENDED THAT:

1. Defendant's motion to dismiss (Dkt. No. 73) be granted; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 1, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
moor0763.mtd